UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CINCINNATI GLOBAL
DEDICATED NO. 2 LIMITED                                            PLAINTIFF

VS.                                                        CASE NO:
                                                           **1:22cv41 HSO-RHWR**
1909 E. PASS RD., LLC                                      DEFENDANT

---

### COMPLAINT FOR DECLARATORY JUDGMENT

---

NOW INTO COURT, through undersigned counsel, comes Plaintiff Cincinnati Global Dedicated No. 2 Limited, (hereinafter "Cincinnati"), and for its Complaint for Declaratory Judgment against Defendant, 1909 E. Pass Rd., LLC ("1909") alleges as follows:

### I.    NATURE OF ACTION

1.    This is an insurance coverage action seeking declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and Rule 57 of the Federal Rules of Civil Procedure.  Plaintiff seeks a determination of the parties' rights and obligations under Policy No. TN139716 (hereinafter the "Policy") subscribed to by Certain Underwriters at Lloyd's, London (hereinafter "Underwriters"), including Cincinnati, and provided to 1909 as the Named Insured.  The dispute pertaining to the Policy involves a claim submitted by 1909 for damage to insured property.

2.    The Policy provided commercial property coverage for property owned by 1909 located at 1909 E. Pass Rd., Gulfport, Mississippi 39501 (hereinafter the "Insured Property") with a property limit of $2,200,000 for the Insured Property.  The claim arises out of damage to the Insured Property caused by Hurricane Zeta on October 28-29, 2020.

3.    1909 submitted a claim under the Policy for damage to the Insured Property.

4.    Underwriters investigated 1909's claim for damage and issued payments for the actual cash value of covered damage, which totaled $1,223,970.01. Cincinnati's share of that payment was $184,819.47.

5.    1909, through its public adjuster, Miles Corbitt, claims the replacement cost value of the damage to the Insured Property is approximately $3.2 million, significantly higher than the Policy's $2,200,000 limit for the Insured Property.

6.    Underwriters and 1909 disagreed on whether other items of claimed damage required repair or were the result of damage from Hurricane Zeta.

7.    1909's public adjuster issued a letter purporting to demand appraisal of the claim. Underwriters responded by noting Mississippi law does not permit the appraisal process to address issues related to coverage and causation and the disagreements between Underwriters and 1909 fell into those categories.  Underwriters instead offered to mediate the outstanding disputes with a qualified neutral.

8.    1909 did not respond to Underwriters for months.  Recently, however, 1909 again demanded appraisal of the claim despite the issues not being appropriate for appraisal under Mississippi law.

9.    Cincinnati brings this action seeking a declaration it is not required to submit to the appraisal demanded by 1909 and that it has paid all amounts owed to date under the Policy's terms, conditions, limitations, and exclusions.

## II.    PARTIES

10.    Plaintiff Cincinnati Global Dedicated No. 2 Limited contributed 92.1974% of the capital to Syndicate 318 for the 2020 year of account and Syndicate 318 secured 78% of 21% of the risk of Policy No. APP1068388.  Thus, Cincinnati's total share of the risk on the Policy is

15.1%. Syndicate 318 is a Lloyd's syndicate that is duly authorized to conduct business within the Lloyd's of London insurance marketplace. Thus, Cincinnati has a real and substantial stake in the outcome of this action.

11.    Cincinnati is incorporated under the laws of England and Wales and maintains its principal place of business at One Mincing Court, Third Floor, Mincing Lane, London UK EC3R 7AA.

12.    1909 has asserted entitlement to almost $1,000,000 in additional insurance proceeds; as such, Cincinnati, contributing 92.1974% of the capital to Syndicate 318, and having 15.1% of the interest in the Policy, has well in excess of $75,000 at stake in this matter.

13.    1909 is a Mississippi limited liability company with a principal office address of 4051 Gautier Vancleave Road, Gautier, Mississippi 39553 and, upon information and belief, each of 1909's members are a citizen of, and domiciled in, Mississippi.  The registered agent, Jourdan Nicaud, can be served with process at 849 Scenic Drive, Pass Christian, MS 39571.

### III.    JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of the United Kingdom and a citizen, or citizens, of Mississippi.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because the Insured is a Mississippi limited liability company, the Insured Property is located in Mississippi, and thus, 1909 is subject to this Court's personal jurisdiction.

### IV.    STATEMENT OF CLAIM

**A.    The Policy**

16.    Cincinnati subscribed to the Policy issued to 1909 by Underwriters.  *See* Policy attached as Exhibit 1.

3

17.     The Policy had a period of January 28, 2020, to January 28, 2021.  *See* Exhibit 1 at Declaration Page.

18.     The Policy covered premises located at 1909 E. Pass Road, Gulfport, Mississippi 39501, which described the Insured Property under the "Shopping Centers" class of business.  *Id.*

19.     The Policy contains a $2,200,000 limit of insurance for the Insured Property.  *Id.*

**B.      The Claim**

20.     Hurricane Zeta impacted Gulfport, Mississippi on or about October 28-29, 2020.

21.     1909 timely reported a claim to Underwriters. Underwriters dispatched an adjuster to investigate the loss.

22.     Underwriters have issued undisputed payments to 1909 of $1,223,970.01, which represent the actual cash value of covered damage less the applicable deductible.

23.     1909's public adjuster has submitted an estimate to repair damage at a replacement cost value of approximately $3,200,000, which is approximately $1,000,000 more than the Policy's $2,200,000 limit for property damage to the Insured Property.

24.     For example, 1909's public adjuster's estimate includes replacement of all metal decking at the Insured Property's roof, as well as installation of insulation throughout the entire roof.

25.     Underwriters' expert determined the entirety of the metal decking did not need replacement.  The difference between Underwriters' and 1909's position on the metal decking issue is over $850,000.

26.     1909's estimate also includes amounts for installation of spray foam insultation in the roof decking at a cost of over $525,000.

27.     Underwriters' investigation determined that the vast majority of the Insured Property's roof did not include insulation and that amount was not necessary or appropriate.

28.    1909's estimate included over $60,000 in commercial supervision; the vast majority of which Underwriters determined was not necessary for this type of project.

29.    1909's estimate also includes over $42,000 in the general conditions section of its estimate for disinfecting the building from COVID-19.

30.    This amount is not necessary or appropriate as part of an insurance claim to repair physical damage.

31.    There were additional disagreements between the estimates as well.

32.    1909's public adjuster issued a letter invoking the Policy's appraisal provision.

33.    Underwriters' third-party administrator, Vanguard, issued a letter response on September 7, 2021, on Underwriters' behalf noting that Mississippi law does not permit an appraisal to determine any issues related to coverage or causation.  *See* September 7, 2021, letter attached as Exhibit B. Vanguard's letter noted that the outstanding issues between Underwriters and 1909 involved coverage or causation.  Thus, appraisal was not an appropriate method to resolve these disputes under Mississippi law.

34.    As an alternative to appraisal, Vanguard's letter did invite 1909 to engage in mediation of the outstanding disputes with Underwriters and a qualified neutral.

35.    1909 did not respond to Vanguard's September 7, 2021, letter.  As a result, Vanguard issued another letter on behalf of Underwriters on January 26, 2022, reiterating Underwriters' position regarding 1909's appraisal demand.

36.    1909 finally responded via letter from its counsel on February 17, 2022.  This letter did not address Underwriters' position that appraisal was not appropriate under Mississippi law and instead reiterated 1909's prior demand for appraisal.

**COUNT I**
**DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**
**APPRAISAL NOT APPROPRIATE UNDER MISSISSIPPI LAW AND THE POLICY**

37.     Cincinnati incorporates and re-alleges the allegations in paragraph 1 through 36 as if fully set forth herein.

38.     Underwriters have issued payments for the actual cash value of covered damage less the applicable deductible pursuant to the terms, conditions, limitations, and exclusions in the Policy.

39.     1909 contends the replacement cost value of covered damages greatly exceeds the Policy's property limit for the Insured Property.

40.     The disagreement between Underwriters and 1909 regarding covered damage involve issues of whether certain components of the Insured Property were damaged by a covered event or require repair or replacement, as opposed to a disagreement solely over the value of covered damage.

41.     Because of the nature of the disputed issues, 1909's appraisal demand is not appropriate under Mississippi law, which does not permit the appraisal process to determine any issue related to coverage or causation.

42.     Underwriters properly declined to engage in the appraisal 1909 demanded.

43.     An actual controversy within the meaning of 28 U.S.C. § 2201 now exists between Cincinnati and 1909 concerning whether Cincinnati must participate in an appraisal and whether it owes any further amounts to 1909 under the Policy.

**COUNT II**
**DECLARATORY JUDGMENT UNDER 28 U.S.C. § 2201**
**UNDERWRITERS PAID AMOUNTS OWED UNDER POLICY**

44.     Cincinnati incorporates and re-alleges the allegations in paragraph 1 through 36 as if fully set forth herein.

45.    Underwriters issued payments to 1909 totaling $1,223,970.01 for covered damage.

46.    1909 has claimed the replacement cost value of covered damage exceeds $3.2 million.

47.    There are a number of disagreements regarding what repairs are necessary as a result of covered damage due to Hurricane Zeta.

48.    1909 claims over $800,000 to replace the Insured Property's entire metal roof decking.  Underwriters determined full replacement of the Insured Property's metal roof decking was not warranted based on Hurricane Zeta damage.

49.    Similarly, 1909 claims it will cost over $525,000 to install spray foam insulation that Underwriters do not believe was present prior to Hurricane Zeta.

50.    1909's estimate also includes a number of general conditions, including commercial supervision and COVID-19 disinfecting, that are not required.

51.    Cincinnati contends it has paid all amounts owed under the Policy pursuant to its terms, conditions, limitations, and exclusions.

52.    Therefore, Cincinnati seeks a declaration from this Court it has paid all amounts owed under the Policy pursuant to its terms, conditions, limitations, and exclusions.

WHEREFORE, Cincinnati requests a declaratory judgment from this Court that:

a.    1909's appraisal demand is not appropriate or proper under Mississippi law given the nature of the current disputes;

b.    Underwriters have paid all amounts owed to 1909 under the Policy's terms, conditions, limitations and exclusions; and

c.    Underwriters owe no further amounts to 1909.

Respectfully submitted, this the 28th day of February 2022.

                                       **CINCINNATI GLOBAL DEDICATED NO. 2 LIMITED**

                          BY:     */s/ Whitman B. Johnson III*
                                         WHITMAN B. JOHNSON III (MSB #3158)

OF COUNSEL:

CURRIE JOHNSON & MYERS, P.A.
1044 River Oaks Drive, Flowood (39232)
Post Office Box 750
Jackson, MS 39205-0750
Telephone: (601) 969-1010
Facsimile: (601) 969-5120
Electronic Mail: wjohnson@curriejohnson.com